UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES THOMAS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SGT. FRANKLIN, SGT. CALDWELL,<br>SGT. E. FLAKES, and SGT. FLAKES (Sgt.<br>E. Flakes' twin sister),<br><br>　　　　Defendants. | CAUSE NO. 3:25-CV-547-HAB-ALT |

OPINION AND ORDER

Charles Thomas, a prisoner without a lawyer, filed another motion for a preliminary injunction. ECF 24. He seeks to be transferred to a new facility and/or to have a restraining order placed on the prison guards named as defendants in this case. *Id.* A preliminary injunction is a "very far-reaching power, never to be indulged in except in a case clearly demanding it." *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (quoting *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020)). To obtain a preliminary injunction, a movant "must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020) (quoting *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015)); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the merits, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* at 792.[1] With regard to irreparable harm, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. If the movant meets all the threshold requirements, the court may then "consider the balance of harms between the parties and the effect of granting or denying a preliminary injunction on the public interest." *Tully,* 977 F.3d at 613 (quotation marks omitted).

"Mandatory preliminary injunctions" requiring the defendant to take affirmative acts—such as transferring an inmate to another prison—are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020)

---

[1] The Seventh Circuit has recognized this step is "often decisive," and a court need not analyze the remaining elements when that is the case. *Univ. of S. Ind.*, 43 F.4th at 791.

2

(quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted).

Here, Thomas was granted leave to proceed against Sgt. E. Flakes, Sgt. Flakes (Sgt. E. Flakes' twin sister), Sgt. Caldwell, and Sgt. Franklin for monetary damages for retaliating against him in the spring/summer of 2025 by having him transferred to a materially worse area of the prison, threatening to send him to the Westville Control Unit lock-up, and attempting to recruit other inmates to harm him on or about June 13–15, 2025. ECF 12 at 21–22. He was also granted leave to proceed against Sgt. Franklin for monetary damages for subjecting Thomas to cruel and unusual punishment based on the June 13-15th threat. *Id*. at 22. He was <u>not</u> granted leave to proceed on any claims for permanent injunctive relief because it wasn't plausible to infer from the facts presented in his amended complaint that any of the defendants were currently failing to protect Thomas from harm. *See id.* at 3–11. His preliminary injunction(s) were denied for that same reason. *See id*. at 21.

Thomas's newest motion for a preliminary injunction adds additional facts— namely, that after the court's screening order was issued, he was "assaulted by 3 inmates" on Thanksgiving at the direction of Sgt. Franklin in retaliation for naming him

3

as a defendant in this lawsuit. ECF 24 at 1. He also states, "Plaintiff is now being extorted and if [I] don't pay monthly, threatened to be stabbed." *Id*. at 2.

These new allegations are outside the scope of relief in this case. Thomas is aware of this because he was granted leave to proceed only on his monetary damages claims, and his request(s) for permanent and preliminary injunctive relief were denied in that same screening order . *See* EF 12. Specifically, with regard to the preliminary injunction, the court stated:

> [H]e has not plausibly alleged an ongoing failure to protect claim in his amended complaint that would warrant preliminary injunctive relief. Moreover, although he has stated plausible claims of retaliation against several of the defendants, he hasn't sufficiently alleged he will be irreparably harmed pending the outcome of this case. He admits he was transferred from the GSC side to various different locations after approximately one month, and he doesn't plausibly allege he is in current danger of being transferred back there. Accordingly, the motion for a preliminary injunction will be denied.

*Id*. at 21. Accordingly, because his amended complaint doesn't state a plausible claim for permanent injunctive relief, Thomas has no chance of success on the merits and isn't entitled to preliminary injunctive relief. *See Univ. of S. Ind.*, 43 F.4th at 791–92.

Thomas seems to acknowledge that he knows he doesn't have a permanent injunctive relief claim in a letter he recently sent to the court that states, "After trying to re-read my complaint and the way it was written, it's very confusing and was mis-interpreted by the court with a few issues . . .. I guess I'm asking to amend complaint or re write complaint to clarify the confusion." ECF 23. To the extent he is seeking to amend his complaint, he must do so with leave of the court in accordance with Federal Rule of Civil Procedure 15(a)(2). Although leave to amend should be freely given, *Liu v.*

4

*T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999), "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*.

Thomas cannot amend his complaint in a piecemeal fashion. *See French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009) (amended complaint supersedes previous complaint and controls the case); *see also* N.D. Ind. L.R. 15-1. Moreover, any amended complaint must be on the proper **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which can be found in his prison law library. *See* N.D. Ind. L.R. 7-6. Thus, should Thomas choose to file a motion to amend, he must include with it a proposed "second amended complaint" on the proper form.

Additionally, any proposed amended complaint must comply with the federal pleading standards. *See* Fed. R. Civ. P. 8(a)(2) (complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). Rule 8 requires a complaint to be "presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a claim. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990); *see also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (holding that Rule 8 "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"). As Thomas himself admits, his current complaint is "very confusing." His allegations span fifty-six pages

5

including exhibits and name nineteen defendants ranging from individual officers to the Indiana Department of Correction (IDOC) Ombudsman Bureau Director. As the court noted in its previous screening order, "[d]espite the complaint's length and level of specificity, very few factual allegations support his claims." ECF 12 at 3. While sometimes it is possible to simply disregard extraneous details contained in an overlength complaint, the court will not entertain future complaints from Thomas that are unworkable and fail to comply with Rule 8. *See Garst*, 328 F.3d at 378 ("Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter."). If he chooses to file a second amended complaint, he must complete all the questions on the form to the best of his ability and **briefly** summarize the facts supporting his claim(s) against each defendant, including who did what to him and when. He does **not** need to include superfluous details, describe every irrelevant background fact, submit evidence, or include citations to case law. He is reminded that his allegations must be consistent with his prior complaints, and by signing a new complaint form, he will need to "declare **under penalty of perjury** that the statements in this complaint are true" (emphasis in original). *See, e.g.*, ECF 8 at 22.

For these reasons, the court DENIES the motion for preliminary injunction (ECF 24).

SO ORDERED on December 16th, 2025.

s/ Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT

6