**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **CHARLES THOMAS,** | |
| **Plaintiff,** | |
| **v.** | **Cause No. 3:25-cv-00547-ALT** |
| **E. FLAKES***, et al.***,** | |
| **Defendants.** | |

**<u>OPINION AND ORDER</u>**

Charles Thomas, a prisoner without a lawyer, is proceeding in this case on four claims. First, he is proceeding against Sgt. Eileen Flakes, Sgt. Darlene Flakes, and Sgt. Tammy Caldwell "in their individual capacities for monetary damages for having him transferred to a materially worse area of the prison in the spring of 2025 in retaliation for filing a lawsuit against Sgt. E. Flakes and an internal complaint against Sgt. Caldwell in 2020 in violation of the First Amendment[.]" (ECF 12 at 21-22). Second, he is proceeding against Sgt. D. Flakes "in her individual capacity for monetary damages for threatening to send him to the Westville Control Unit lock-up on June 30, 2025, in retaliation for filing grievances against her and her twin sister in the spring/summer of 2025 in violation of the First Amendment[.]" (*Id.* at 22). Third, he is proceeding against Sgt. Desmond Franklin "in his individual capacity for monetary damages for attempting to recruit other inmates to kill Thomas on or about June 13–15, 2025, in exchange for $500 in retaliation for filing a lawsuit against Sgt. E. Flakes and an internal complaint against Sgt. Caldwell in 2020 in violation of the First Amendment[.]" (*Id.*). And fourth, he is proceeding against Sgt. Franklin "in his individual capacity for monetary damages for subjecting Thomas to cruel and unusual punishment when he threatened to have Thomas killed by other inmates on or about June 13–15, 2025, in exchange for $500 in violation of the Eighth Amendment[.]" (*Id.*).

Defendants have filed a motion for summary judgment, arguing Thomas did not exhaust his available administrative remedies before filing this lawsuit. (ECF 33). Thomas filed a response, and Defendants filed a reply. (ECF 44, 45, 47, 48). Thomas then filed an unauthorized sur-response, which Defendants have moved to strike. (ECF 49, 50).[1] Defendants' summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); see also *Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir.

---

[1] Northern District of Indiana Local Rule 56-1(b) provides an opportunity for only a single response. Nevertheless, the Court has reviewed the contents of Thomas' sur-response, and concludes the arguments raised in the sur-response have no impact on the disposition of this case. Therefore, Defendants' motion to strike the sur-reply will be denied as moot.

2

2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Defendants argue Thomas did not exhaust his available administrative remedies before filing this lawsuit because he never submitted any grievance related to his claims against Defendants. (ECF 34 at 7-8). Specifically, they provide an affidavit from Grievance Specialist Shannon Smith, who attests to the following facts: In order to exhaust his administrative remedies, Thomas needed to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. (ECF 33-1 at 2). The grievance office has no record of ever receiving any grievance from Thomas relating to his allegations against any of the defendants. (*Id.* at 6).

In his response, Thomas concedes he never fully exhausted any relevant grievance before filing this lawsuit. The Court therefore accepts that as undisputed. Instead, Thomas argues his

3

administrative remedies were unavailable because he submitted relevant grievances which were ignored by the grievance office. Specifically, Thomas provides evidence showing he submitted numerous grievances between March 2025 and June 2025 complaining Defendants were retaliating against him by transferring him to worse areas of the prison, labeling him as a snitch, and recruiting inmates to attack him. (ECF 44-2 at 1-2, 7-8, 11-13, 15-18). Thomas also provides evidence that, after he received no timely receipt or response to these grievances from the grievance office, he followed up by submitting written notifications to the Grievance Specialist notifying her of the lack of response to these grievances. (*Id.* at 3-4, 9-10, 14, 19-20). Thomas asserts he never received any response from the grievance office even after submitting these written notifications, which left him without any further available remedy to exhaust. (ECF 44-1 at 2-3).

Here, Thomas has provided evidence the grievance office made his administrative remedies unavailable by failing to respond to his numerous grievances and subsequent written notices. *See Dole*, 438 F.3d at 809 ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance"). Specifically, the Offender Grievance Process provides that, in the event an inmate submits a grievance and receives no receipt or response from the grievance office, the inmate "shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." (ECF 33-2 at 9). Thomas provides evidence he submitted relevant grievances, received no response, and then sent written notices to the Grievance Specialist notifying her of the lack of response to these grievances. At that point, the Grievance Specialist was required to "investigate the matter and respond to the offender's notification within ten (10) business days." (*See id*). There is no evidence the Grievance Specialist did so, which left Thomas without any further available remedy to exhaust.

4

In their reply, Defendants argue Thomas still had administrative remedies available to him because he should have proceeded with submitting a Level I appeal after he received no receipt or response from the grievance office. (ECF 47 at 2-4). The Offender Grievance Process provides that if an inmate submits a grievance and "receives no grievance response within twenty (20) business days of the Offender Grievance Specialist's *receipt of the grievance*, the offender may appeal as though the grievance had been denied." (ECF 33-2 at 12 (emphasis added)). But this provision only applies once the grievance office has received and issued a receipt for a grievance. (*See id.*). Because it's undisputed the grievance office never received or issued any receipt for any of Thomas' relevant grievances, the Offender Grievance Process did not allow Thomas to proceed with submitting a Level I appeal.

Accordingly, Thomas has provided evidence he exhausted the administrative remedies that were available to him by submitting relevant grievances and following up by submitting written notices to the Grievance Specialist. The Grievance Specialist made any further administrative remedies unavailable to Thomas by failing to respond to these grievances and written notices. Therefore, Defendants have not met their burden to show Thomas had available administrative remedies he did not exhaust before filing this lawsuit. Their motion for summary judgment (ECF 33) and motion to strike (ECF 50) are DENIED.

SO ORDERED.

Entered this 17th day of July 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge